**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BARBARA M. BROWN,
Plaintiff-Appellant,

v.                                                        No. 96-2613

AUTO-OWNERS INSURANCE COMPANY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CA-96-2-D)

Submitted: July 15, 1997

Decided: September 8, 1997

Before HALL, MURNAGHAN, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert T. Vaughan, Jr., Gregory T. Casker, DANIEL, VAUGHAN,
MEDLEY & SMITHERMAN, P.C., Danville, Virginia, for Appel-
lant. Glenn W. Pulley, Mark B. Holland, CLEMENT & WHEAT-
LEY, Danville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Barbara M. Brown appeals the district court's order granting summary judgment to Auto-Owners Insurance Company (Auto-Owners). Brown, who seeks payment on an insurance policy issued by Auto-Owners for structural damage to her warehouse, claims the district court erred by excluding the testimony of her expert witness as speculative. Finding no abuse of discretion,[1] we affirm the order of the district court.

Brown owns a commercial warehouse in Danville, Virginia. The warehouse is approximately twenty-five years old, and consists of a concrete slab floor, cinder block walls, and a flat roof supported by steel roofing joists. A dirt embankment approximately five to seven feet high rests against the entire exterior of the south wall. Because the embankment slopes down towards the wall, any precipitation that falls on the slope drains towards the warehouse.

Sometime between the evening of June 28 and the morning of June 29, 1995, during a rain storm that deposited over 2 inches of rain on Danville, a portion of the south wall of the warehouse collapsed. When the collapse occurred, the wall broke in a horizontal line, roughly parallel to the surface of the embankment, and a corner of the roof was bent. Brown contends the collapse was caused by wind, a condition covered under the insurance policy. Brown offered as an expert witness, a professional engineer who postulated that the damage was due to the wind raising the roof which allowed the pressure from the embankment to collapse the wall. Contrarily, Auto-Owners contends that the cause of the collapse was not a covered event. Auto-Owners, through its expert witness, a civil engineer who conducted a soil analysis, contends that the embankment became so waterlogged from the record amount of precipitation in the month of June, that the lateral pressure exerted against the wall by the waterlogged soil caused the wall to collapse. Further, Auto-Owners asserts that the damage to the roof occurred when the wall collapsed.

_____

[1] See **Benedi v. McNeil-P.P.C., Inc.**, 66 F.3d 1378, 1384-85 (4th Cir. 1995).

2

In determining whether to admit expert scientific testimony, the district court must determine whether the expert's testimony is based on scientific knowledge that will assist the trier of fact in understanding or determining a fact in issue.[2] This includes assessing whether the methodology and reasoning underlying the testimony is scientifically valid and can be properly applied to the facts.[3] In other words, the expert's testimony must be grounded in the methods and procedures of science and not subjective belief or unsupported speculation.[4]

In this case, Brown's expert offered nothing more than his subjective belief on the cause of the collapse. His opinion on the cause of the collapse and the forces involved was not based upon any mathematical calculations or scientific methodology, but his personal observations. He did not know the magnitude of the wind required to lift the roof or even the velocity of the wind on the night of the collapse. Further, he was unable to quantify the forces placed upon the wall by the embankment or even explain the mechanics of how the collapse and damage to the roof occurred. Given the lack of scientific data or reasoning to support his conclusions, we find that the district court did not abuse its discretion in excluding the expert's testimony. Without the testimony, Brown failed to raise a genuine issue of material fact; thus, summary judgment was appropriate.

Accordingly, we affirm the district court's order of summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[2] **See Daubert v. Merrell Dow Pharmaceuticals, Inc.**, 509 U.S. 579, 592 (1993).
[3] **Id**.
[4] **Id**. at 589-90.

3